# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

DANIEL MARTIN,

    Plaintiff,

vs.            1:10-cv-85-WTL-DML

CLARIAN HEALTH PARTNERS, INC.,

    Defendant.

## Entry and Order Directing Dismissal of Action

**I.**

  Plaintiff Martin's claim pursuant to the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1)("FMLA") was asserted in his complaint and was dismissed as legally insufficient in the Entry of June 17, 2010. In that same Entry, the court gave Martin a period of time in which to "report whether he seeks to present a claim under the NDAA for FY 2008 and/or the NDAA for FY 2010 in this case." A complaint ostensibly asserting such a claim was filed by Martin on August 16, 2010, and on September 16, 2010, the defendant filed a motion to dismiss. Martin has responded to the motion to dismiss, which is now fully briefed.

  The Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

  Martin's effort to state a claim under the NDAA for FY 2008 and/or the NDAA for FY 2010 falls short because he does not establish that these important legislative initiatives establish a private cause of action in circumstances such as Martin presents. There is no allegation in the most recently-filed complaint, nor in any prior complaint, amended complaint, report or filing by Martin, which supports a reasonable inference that the defendant is liable to him under the NDAA for FY 2008 and/or the NDAA for FY 2010 based on conduct Martin attributes to the defendant.

  The defendant's motion to dismiss (dkt 38) is therefore **granted.**

## II.

The ruling in part one of this Entry resolves all claims against all parties. Judgment consistent with this Entry and with the Entry of June 17, 2010, shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**


Date: 11/01/2010

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana